# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2905 | **DATE** | 9/8/2003 |
| **CASE TITLE** | Stanley Boim et al. vs. Quranic Literacy Institute et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation submitted to Judge George W. Lindberg. It is hereby recommended that the Plaintiffs' motion for default judgment against Amjad Hinawi be denied as moot. *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 14 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 0 9 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 214 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| ✓ | Copy to judge/magistrate judge. | 03 SEP -8 PM 3:03 | 9/8/2003 date mailed notice | |
| | FT/ *secy* courtroom deputy's initials | Date/time received in central Clerk's Office | FT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STANLEY BOIM, Individually and as )
Administrator of the Estate of )
DAVID BOIM, deceased, and JOYCE )
BOIM, )
 )
                                ) No. 00 C 2905
              Plaintiffs, )
 ) Judge George W. Lindberg
       v. )
 ) Magistrate Judge
QURANIC LITERACY INSTITUTE, et al.,) Arlander Keys
 )
              Defendants. )

DOCKETED
SEP 0 9 2003

TO: THE HONORABLE GEORGE W. LINDBERG
     UNITED STATES DISTRICT JUDGE

**REPORT AND RECOMMENDATION**

On May 13, 1996, Amjad Hinawi, a Hamas terrorist operating in Israel, the West Bank and Gaza, carried out a West Bank attack on a civilian bus and a group of students waiting for the bus. One of those students was David Boim, a Brooklyn-born citizen of both the United States and Israel, who was living at the time in Jerusalem with his parents, both Israeli citizens and United States nationals. During the attack, Boim was shot in the head; he was pronounced dead within an hour. A Palestinian Authority court convicted Hinawi of participating in Boim's murder, and sentenced him to ten years in prison on February 17, 1998.

On May 12, 2000, David Boim's parents sued Hinawi, along with another terrorist who helped Hinawi carry out the attack and various organizations who they allege funded and otherwise

supported the attack. The Boims sued under 18 U.S.C. §2333, which provides that "[a]ny national of the United States injured in his person . . . by reason of an act of international terrorism, or his estate, survivors or heirs, may sue therefor . . . and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees." 18 U.S.C.A. §2333(a)(West 2000). The case is presently before the Court on the Boims' motion for a default judgment against Hinawi.

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Additionally, "judgment by default" may be entered either by the Clerk (when the plaintiff's claim is for a sum certain) or by the Court. Fed. R. Civ. P. 55(b). Because the record demonstrates that Hinawi was properly served with a summons and a copy of the complaint almost three years ago, and that, despite such service, he has failed to answer the allegations against him, the Court finds that a judgment by default would be appropriate as to the Boims' original complaint.

With respect to the service issue, the record contains a letter from Ezer Shafir, Coordinator of Legal Assistance to Foreign Countries, an office within the State of Israel's

Directorate of Courts. Attached to that letter is an application from the Boim's attorney requesting that service of the summons and complaint be made upon Hinawi, courtesy of the Palestinian Prison Authority, at the Jericho Prison; the application provides Hinawi's full name, as well as his prison identification number. Also attached to Mr. Shafir's letter is a certification, bearing the seal of the Director of Courts, demonstrating that such service was, in fact, made on November 13, 2000. The certification shows that the Directorate of Courts delivered the documents to:

> Jamal Abo-Toameh
> Advocate
> Power of Attorney of the Palestinian Authority

at "4 Saladin St., P.O. Box 19927, Jerusalem, Israel." See Motion for Default Judgment, Exhibit A. A certification from Mr. Abo-Toameh is also attached to the letter, though it was prepared in what appears to be Hebrew.

Based upon these documents, the Court is satisfied that Hinawi was served in a manner that was both consistent with Federal Rule of Civil Procedure 4(f), and with the provisions of the Hague's Convention on the Service Abroad of Judicial and Extajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, to which Israel and the United States are both signatories. Chapter I of the Convention provides that judicial documents may be served through a "Central Authority,"

3

and, according to a note following the text of the Convention, as appended to Federal Rule of Civil Procedure 4, the Central Authority in Israel is the Directorate of Courts in Jerusalem, the very entity the Boims employed to effect service on Hinawi.

Moreover, there is no question that Hinawi has not answered the Boims' original complaint or otherwise appeared or attempted to appear in the proceedings in the almost three years that have passed since service was effected upon him. The fact that Hinawi is in prison would not excuse this failure or otherwise preclude the entry of a default judgment against him. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) (incarceration – alone, or in combination with the lack of attorney assistance – does not excuse default).

Notwithstanding the foregoing, the Court must recommend that the district court deny the motion for default judgment because it is moot. On July 31, 2003, the Boims moved to amend their complaint against Hinawi, and, on August 6, 2003, the district court granted that motion, *see Boim v. Quranic Literacy Institute, et al.*, No. 00 C 2905 (Minute Order entered August 6, 2003), effectively mooting the allegations of the initial complaint. *See Duda v. Board of Education of Franklin Park Public School District No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998)(an amended complaint supersedes an original complaint and renders it of no legal effect). And, importantly, the Boims have

not demonstrated that the amended complaint has been served on Hinawi. Thus, even if the Boims intended their motion to carry over to the amended complaint, the Court has no basis to find that service of that document was properly achieved. Absent such a finding, the Court would be reluctant to extend its jurisdictional reach abroad, and a default judgment based upon Hinawi's failure to appear would be inappropriate.

## CONCLUSION

For the reasons set forth above, the Court recommends that the district court deny as moot the Boims' motion for default judgment against Hinawi.

Date: September 8, 2003

RESPECTFULLY SUBMITTED:

*[signature]*
ARLANDER KEYS
United States Magistrate Judge

Counsel have ten days from the date of service to file objections to this Report and Recommendation with the Honorable George W. Lindberg. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut General Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).