# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2905 | **DATE** | 12/14/2004 |
| **CASE TITLE** | Boim vs. Quranic Literacy Institute, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and Recommendation submitted to Judge Lindberg. As outlined in the attached Order, the Court recommends that the district court order Amjad Hinawi to pay damages to the Boims in the amount of $156 million. The Court further recommends that the district court find Mr. Hinawi jointly and severally liable, along with HLF, IAP/AMS, QLI, Mohammed Salah, UASR, and AMELP, for the amount of the damage award. *AK*

(11) ☒ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | 670 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 12/14/2004 | |
| JD/ law clerk | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

STANLEY BOIM, Individually and as )
Administrator of the Estate of    )
DAVID BOIM, deceased, and JOYCE   )
BOIM,                             )
                                  )  No. 00 C 2905
            Plaintiffs,           )
                                  )  Judge George W. Lindberg
        v.                        )
                                  )  Magistrate Judge
QURANIC LITERACY INSTITUTE, et al.,)  Arlander Keys
                                  )
            Defendants.           )

TO:  THE HONORABLE GEORGE W. LINDBERG
     UNITED STATES DISTRICT JUDGE

**REPORT AND RECOMMENDATION**

On May 13, 1996, Amjad Hinawi, a Hamas terrorist operating in Israel and the Occupied Territories, shot at a group of students who were waiting for a bus. One of those students was David Boim, a Brooklyn-born citizen of both the United States and Israel, who was living at the time in Jerusalem with his parents, both Israeli citizens and United States nationals. In the attack, David was shot in the head and killed. A Palestinian Authority court convicted Mr. Hinawi of participating in Boim's murder, and sentenced him to ten years in prison on February 17, 1998.

On May 12, 2000, David Boim's parents sued Mr. Hinawi, along with another terrorist, and various organizations and one individual they allege funded and otherwise supported the attack. Specifically, the Boims named as defendants the Quranic Literacy

Institute ("QLI"), the Holy Land Foundation for Relief and Development ("HLF"), the Islamic Association for Palestine ("IAP") and the American Muslim Society (collectively, "IAP/AMS"), the American Middle Eastern League for Palestine ("AMELP"), the United Association for Studies and Research ("UASR"), and Mohammed Salah, under 18 U.S.C. §2333, which provides that "[a]ny national of the United States injured in his person . . . by reason of an act of international terrorism, or his estate, survivors or heirs, may sue therefor . . . and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees." 18 U.S.C.A. §2333(a)(West 2000).

With the exception of Mr. Hinawi, who was properly served with the complaint in prison, all of the parties consented to proceed before a United States Magistrate Judge, and the case was reassigned to this Court on April 13, 2001. Because Mr. Hinawi did not expressly consent to the reassignment, Judge Lindberg, the district judge to whom the case was originally assigned, retained the case against Mr. Hinawi.

When Mr. Hinawi failed to answer the complaint, the Boims moved for a default judgment against him. On September 24, 2003, Judge Lindberg granted the motion, but referred to this Court the determination of any damages to be assessed against Mr. Hinawi. Thereafter, this Court entered default judgment against two other

2

defendants, AMELP and UASR, and ordered that the question of damages against all three defaulting defendants be determined in conjunction with the trial against the non-defaulting defendants. See Boim v. QLI, et al., No. 00 C 2905 (N.D. Ill. Minute Order dated April 6, 2004).

The case proceeded through discovery, and, in the fall of this year, the plaintiffs and the non-defaulting defendants filed various motions and cross-motions for summary judgment. To summarize the Court's findings on those motions, the Court determined that HLF, IAP/AMS, and Mohammed Salah were liable to the Boims as a matter of law, and found that the remaining issues - the question of liability as to defendant Quranic Literacy Institute ("QLI") and the determination of any damages award - should go to a jury. See Boim v. QLI, et al., 340 F. Supp. 2d 885 (N.D. Ill. 2004).

These issues were, in fact, tried before a jury beginning December 1, 2004, and, on December 8, 2004, the jury returned its verdict, finding QLI liable and awarding the Boims $52 million in damages. As mandated by the statute, the Court trebled the jury's award, and entered judgment for the Boims in the amount of $156 million.

Because of the nature of the Boims' claim and injury, the liability to be imposed on the defendants is joint and several. See In re Uranium Trust Litigation, 617 F.2d 1248, 1257 (7th Cir.

1980). This means that the defendants who have been found to be liable are jointly liable for the entire damage award, and the Boims may look to any one of these defendants for full satisfaction of the award; this is so even if the liability is imposed because of a defendant's default. *Id.* at 1262-63. *See also Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996)("[m]ultiple tortfeasors who concurrently cause an indivisible injury are jointly and severally liable; each can be held liable for the entire injury")(citations omitted). Accordingly, the judgment in this case should reflect that defendant Hinawi is jointly and severally liable with the other liable defendants - the defaulting defendants, as well as the non-defaulting defendants - for the full amount of the damage award.

**CONCLUSION**

For the reasons set forth above, the Court recommends that the district court order Mr. Hinawi to pay damages to the Boims in the amount of $156 million. The Court further recommends that the district court find that Mr. Hinawi is jointly and severally liable, along with HLF, IAP/AMS, QLI, Mohammed Salah, UASR and AMELP, for the amount of the damage award.

Date: December 14, 2004

RESPECTFULLY SUBMITTED:

/s/ Arlander Keys
ARLANDER KEYS
United States Magistrate Judge

Counsel have ten days from the date of service to file objections to this Report and Recommendation with the Honorable George W. Lindberg. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut General Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).