

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STANLEY BOIM, Individually and as )
Administrator of the Estate of )
DAVID BOIM, deceased, and JOYCE )
BOIM, )
                            ) No. 00 C 2905
          Plaintiffs, )
                            )
    v. )
                            ) Magistrate Judge
QURANIC LITERACY INSTITUTE, et al.,) Arlander Keys
                            )
          Defendants. )

**MEMORANDUM OPINION AND ORDER**

On May 13, 1996, David Boim, a seventeen-year-old American citizen living in Israel, was killed in a Hamas terrorist attack in the West Bank. His parents, Joyce and Stanley Boim, sued under the Antiterrorism Act of 1990, 18 U.S.C.§ 2300 *et seq.* (West 2004), which creates a cause of action for United States nationals who are injured in their person, property, or business by reason of an act of international terrorism; the Act allows injured persons (or their estates, survivors or heirs) to recover threefold the damages sustained, as well as costs of suit, including attorney's fees. *See* 18 U.S.C. §2333. They named as defendants two men who were directly involved in the murder, Amjad Hinawi and Khalil Tawfiq Al-Sharif; they also named several U.S.-based individuals and organizations they claim helped to support Hamas - namely, Mousa Abu Marzook, who the Boims alleged

served for many years as the leader of Hamas' political wing in the United States; Mohammed Salah, who they alleged served as the United States-based leader of Hamas' military branch; the United Association for Studies and Research, which they alleged serves as Hamas' political command center in the United States; and the Quranic Literacy Institute, the Holy Land Foundation for Relief and Development, the Islamic Association for Palestine, the American Muslim Society, and the American Middle Eastern League for Palestine, which they alleged raise and launder money for Hamas and finance Hamas' terrorist activities.

The Court entered default judgments against Amjad Hinawi, UASR, and AMELP, and dismissed the case as to Mousa Abu Marzook and the estate of Khalil Tawfiq Al-Sharif. On November 10, 2004, the Court entered summary judgment against HLF, IAP/AMS and Mr. Salah on the issue of liability.

On December 1, 2004, the case went to trial on the two issues left unresolved by the proceedings up to that point: the question of whether the Quranic Literacy Institute was liable to the Boims under the statute, and the question of the amount of damages, if any, to be awarded to the Boims from the liable defendants. The defendants elected not to participate in the trial. In fact, only one party - QLI - even attended the trial, and counsel for QLI, in protest of the Court's refusal to postpone the trial date, declined to question any witnesses,

offer any evidence, or make any arguments. At the close of the evidence, both the Boims and QLI moved for judgment as a matter of law, and both motions were denied. On December 8, 2004, the jury returned its verdict: it found QLI liable and awarded damages in the amount of $52 million against all Defendants; the Court then tripled the jury's award, as required by §2333, for a total award of $156 million. Judgment to that effect was entered December 8, 2004.

The defendants appealed. The case was argued before the Seventh Circuit on November 30, 2005 and a decision was issued December 28, 2007, vacating the judgment and directing this court to redetermine liability. That decision was then vacated when the Seventh Circuit agreed to rehear the matter *en banc*. The *en banc* decision, issued December 3, 2008, reversed as to defendants Salah and HLF, but affirmed as to the remaining defendants. With respect to Mr. Salah, the Court upheld the notion that one could be liable under §2339A for providing material support to a terrorist organization consistent with the rulings on summary judgment; but it also held that, because Mr. Salah had been in an Israeli prison between the time the statute took effect and the time David Boim was murdered, he could not have provided material support during that timeframe. The Seventh Circuit remanded the case, and, on March 6, 2009, the Court dismissed the complaint against Mr. Salah. Shortly thereafter, on March 24, 2009, he

filed a petition for costs.

While this case was making its way through the courts, Mr. Salah was also defending himself against criminal charges that were somewhat related to this case. In the criminal action, Mr. Salah (along with Mousa Abu Marzook and Abdelhaleem Ashqar) was charged with racketeering conspiracy and obstruction of justice; he was originally also charged with knowingly providing and attempting to provide material support to a terrorist organization - namely, Hamas - in violation of 18 U.S.C. §2339B. This last count was dismissed on the Government's motion before trial. After a lengthy trial, on February 1, 2007, a jury found Mr. Salah not guilty on the racketeering conspiracy count, but guilty on the obstruction of justice count, which was predicated on discovery answers he gave in this case, in which he denied having any involvement with Hamas. Judge St. Eve, the district judge who presided over the case, sentenced Mr. Salah to 21 months in prison, followed by a period of supervised release of three years; Judge St. Eve also imposed a $25,000.00 fine, which was later vacated because of Mr. Salah's forfeiture of significant assets. In doing so, Judge St. Eve emphasized the seriousness of the charge for which he was convicted, and she also noted that the jury believed Mr. Salah had, at one time, been involved in Hamas' terrorist activities, but that he had

4

withdrawn from the conspiracy to commit such acts.[1]

The case is now before the Court on Mr. Salah's petition for costs, which, as explained, has been pending for more than a year and a half. For a number of reasons – including the fact that the case has been in somewhat of a holding pattern because of parallel proceedings in the Fifth Circuit – the Court has held off issuing a decision on the bill of costs. However, the time has come to put at least this part of the case to bed. For the reasons explained below, the Court denies Mr. Salah's petition for costs.

## Discussion

In his petition for costs, Mr. Salah seeks $4,514.06, which includes $899.80 in deposition-related costs; $288.40 in pretrial hearing transcript costs; and $3,325.86 in copying expenses. The Boims object to the petition. They do not challenge the particular costs or rates claimed in the petition: rather, they object generally to the notion that Mr. Salah should be awarded costs in this case.

Rule 54(d)(1) provides that "costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P.

---

[1] The discussion concerning the criminal case is a digression, but one the Court deems necessary; given that the criminal charges against Mr. Salah were, in part, predicated on acts he committed in this civil case, it is fitting that what happened in the criminal proceedings plays a role in the Court's decision today.

54(d)(1). Despite the use of the word "should," the decision to award costs "is firmly within the district court's discretion." *Chamberlain Manufacturing Corp. v. Maremont Corp.*, No. 92-C-0356, 1995 WL 769782, at *3 (N.D. Ill. Dec. 29, 1995)(citing *O.K. Sand & Gravel, Inc. v. Martin Marietta Technologies, Inc.*, 36 F.3d 565, 571 (7th Cir. 1994)). The Rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir.2006). *See also Benuzzi v. Board of Education of City of Chicago*, No. 09 C 3510, 2010 WL 3038101, at *1 (N.D. Ill. July 30, 2010)("There is a strong presumption that prevailing parties are entitled to an award of costs, as permitted by statute.")(citing *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005)). Generally, costs are denied only when a prevailing party has engaged in misconduct worthy of a penalty or when the losing party is unable to pay. *Benuzzi*, 2010 WL 3038101, at *1 (citing *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997)); *Rivera*, 469 F.3d at 634-35. *See also Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003)(the Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent.").

6

The Court finds that an award of costs to Mr. Salah is inappropriate for two reasons. First, Rule 54(d) and the relevant case law speak in terms of "prevailing parties" and "non-prevailing parties"; in the typical case, the non-prevailing party is required to reimburse the prevailing party for certain costs and expenses necessarily incurred in the litigation. But it is difficult to think of the Boims – who won a $156 million judgment against Mr. Salah's co-defendants – as the "non-prevailing party."

The Supreme Court has instructed that a party "prevails" (for purposes of an attorneys' fees award) "'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)(quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978)). And the Seventh Circuit has defined "the prevailing party" for purposes of Rule 54(d) as "the party who prevails as to the substantial part of the litigation." *Chamberlain Manufacturing*, 1995 WL 769782, at *3 (quoting *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985); *Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 641-42 (7th Cir 1991)). Under this definition, as between Mr. Salah – who escaped civil liability on a technicality related to timing – and the Boims, the Boims are unquestionably the prevailing party.

7

The Seventh Circuit recognized as much when it awarded them costs on appeal, even after reversing as to Mr. Salah. *See* Judgment Order filed January 26, 2009 [docket #833].

Additionally (and perhaps even more significantly), as evidenced by the verdict in the criminal case, Mr. Salah did engage in the type of misconduct that justifies the denial of costs. *See, e.g., Jones v. Schellenberger*, 225 F.2d 784, 794 (7th Cir. 1955)(costs denied based on conduct that prolonged the litigation and greatly increased costs); *Fairley v Andrews*, No. 03 C 5207, 2008 WL 961592, at *1-3 (N.D. Ill. April 8, 2008)(costs denied based on dilatory tactics and generally obstructionist behavior that needlessly protracted the litigation). A jury determined that Mr. Salah lied in the answers to interrogatories he filed in this case, and, to be sure, Mr. Salah's refusal to admit his connections to Hamas protracted this litigation and increased the costs associated with bringing the matter to a close. Although it is true that Mr. Salah has already paid his debt for this misconduct, it is also true that awarding him costs in the very action in which he told those lies would undermine Judge St. Eve's admonitions concerning the seriousness of the offense for which he was convicted.

## Conclusion

As more fully explained above, the Court finds that an award of costs to Mr. Salah is inappropriate because he is not a prevailing party vis à vis the Boims for purposes of Rule 54(d). Additionally, the Court finds that, even if he were considered to be a "prevailing party," an award of costs would be inappropriate because of his proven misconduct in this case – namely, his filing of false and misleading answers to interrogatories, as evidenced by the jury's verdict in *United States v. Salah*, No. 03 CR 978. Accordingly, Mr. Salah's petition for costs [#844] is denied.

Date: October 27, 2010

ENTER:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge