# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY BOIM, Individually and and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 00 C 2905 |
| v. | ) ) | Magistrate Judge Cole |
| QURANIC LITERACY INSTITUTE, HOLY LAND FOUNDATION FOR RELIEF AND DEVELOPMENT, ISLAMIC ASSOCIATION FOR PALESTINE, AMERICAN MUSLIM SOCIETY, AMERICAN MIDDLE EASTERN LEAGUE FOR PALESTINE, UNITED ASSOCIATION FOR STUDIES AND RESEARCH, MOHAMMED ABDUL HAMID KHALIL SALAH, MOUSA MOHAMMED ABU MARZOOK, AMJAD HINAWI, and THE ESTATE OF KHALIL TAWFIQ AL-SHARIF, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Currently pending before me are a trio of motions the plaintiffs filed on May 12, 2017. There is a petition to revive the judgment against defendants Islamic Association for Palestine and American Muslim Society entered and amended in this case in 2004-05 [Dkt. #893], an *ex parte* motion for an order approving the manner and form of service the plaintiffs propose to employ to serve the defendants with their petition to revive judgments [Dkt. #895], and a motion under Fed.R.Civ.P. 25(c) to join non-parties American Muslims for Palestine, The Americans for Justice in Palestine Educational Foundation, Rafeeq Jaber, Abdelbasset Hamayel, and Osama Abu Irshaid as judgment debtors in this action, with plaintiffs claiming they are alter-egos and

successors of the defendants against whom judgments were entered in this case. [Dkt. #897]. As the plaintiffs' *ex parte* motion does not await participation from the defendants, it is the only one of the three ripe for resolution. For the reasons that follow, it must be denied.

First, however, given the fact that the plaintiff is seeking to revive a twelve-year-old judgment in case where none of the three judicial officers who presided are still on the bench, a brief background is warranted. In 1996, David Boim, an American high school student then living and studying in Israel, was murdered by agents of the international terrorist organization, Hamas, while he was waiting at a bus stop with fellow students. After gathering information, his parents filed suit against a number of defendants four years later under Section 2333 of the Anti-Terrorist Act. They alleged that the Hamas organization was financially supported by those defendants – including Muhammad Salah and three organizations: the Holy Land Foundation for Relief and Development, the American Muslim Society, the Quranic Literacy Institute, and the Islamic Association for Palestine – and that those defendants were therefore liable under the Act for their son's death. *See Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 688 (7th Cir. 2008).[1]

On December 8, 2004, following a jury verdict in favor of plaintiffs, Magistrate Judge Arlander Keys, then presiding over this case after the parties consented to his jurisdiction, 28 U.S.C. §636, entered judgment against defendants Quranic Literacy Institute ("QLI"), Holy Land Foundation for Relief and Development ("HLF"), Islamic Association for Palestine ("IAP"), American Muslim Society ("AMS"), and Mohammed Abdul Hamid Khalil Salah ("Salah") in the

---

[1] The Act provides that "any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees." 18 U.S.C. §2333(a).

amount of $156,000,000, plus reasonable attorneys' fees and costs of the action. [Dkt. #668]. That judgment was amended to include Amjad Hinawi ("Hinawi") and to state explicitly that he and all of these parties named in the initial judgment were jointly and severally liable for the $156 million damage award. [Dkt. #690]. A second amendment added American Middle Eastern League of Palestine ("AMELP") and United Association for Studies and Research ("UASR") to the roster of liable defendants. [Dkt. #692].

Mohammed Salah, QLI, HLF, IAP, and AMS appealed. On December 3, 2008, the Seventh Circuit reversed the judgment as to Mohammed Salah and entered judgment in his favor, reversed judgment as to HLF and remanded that portion of the case, and sent the award of attorneys' fees issue back for adjustments. The court affirmed the judgments as to QLI, IAP, and AMS. *Boim*, 549 F.3d at 705. On remand, the HLF portion of the case was resolved in plaintiffs' favor on summary judgment, and Judge Key s entered judgment against HLF in the amount of $156 million on August 31, 1012. [Dkt. #889].

Again, the plaintiffs have filed multiple motions, with the main one seeking to revive the 2004-05 judgments against IAP and AMS. Plaintiffs have been unable to collect on their judgment against them, with IAP and AMS claiming to be out of business with few assets. Plaintiffs contend that the two organizations have simply continued operating under different names – American Muslims for Palestine ("AMP") and Americans for Justice in Palestine Education Fund ("AJPEF") – with at least three of the same principals – Rafeeq Jaber, Abdelbasset Hamayel, and Osama Abu Irshaid. The plaintiffs hope to enforce their joint and several liability judgment against these

3

entities.[2]

Under Fed.R.Civ.P. 69(a), Illinois procedural law controls the plaintiffs' efforts to enforce their judgment. Under that law, "no judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon the revival of the same by a proceeding provided by Section 2–1601 of this Act." 735 ILCS 5/12–108(a); *Dexia Credit Local v. Rogan*, 629 F.3d 612, 626 (7th Cir. 2010). The procedure is as follows:

> (a) A judgment may be revived by filing a petition to revive the judgment in the seventh year after its entry, or in the seventh year after its last revival, or in the twentieth year after its entry, or at any other time within 20 years after its entry if the judgment becomes dormant.
>
> (b) A petition to revive a judgment ... shall include a statement as to the original date and amount of the judgment, court costs expended, accrued interest, and credits to the judgment, if any.
>
> * * *

735 ILCS 5/2–1602. Here, the plaintiff's petition comes well within the 20-year limit and includes the required statement. Beyond that, "entry of a reviving order should be a clerical task; all it entails is assurance that the judgment has not been vacated or marked satisfied since its rendition." *TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 680 (7th Cir. 2003); *Dickman v. Kramer*, 980 F.2d 733 (7th Cir. 1992)("A motion to revive a judgment presents the court with only two issues: whether a judgment exists and whether it has been satisfied."). Neither is an obstacle to revival here.

The only remaining point, then, would be service of process, and that is where the plaintiffs' *ex parte* motion comes in. The plaintiffs explain that they are not seeking to enforce the judgment they want to revive against the defunct entities – IAP and AMS – but against what plaintiffs contend,

---

[2] Plaintiffs have managed to collect $1,419,161.14 from QLF; $2,487,851.47 from HLI; and less than $10,000 from IAP. [Dkt. #893-1, Page 11/11].

4

and hope to prove, are those entities' current *alter egos*: AMP and AJPEF. The plaintiffs want an *ex parte* ruling from the court that the manner in which they propose to service notice is adequate. The plaintiffs have proposed to provide notice as follows:

> Copies of the petition and accompanying notice are being sent by registered mail, return receipt requested, to both entities' most recent known agents for service of process: (i) for IAP: Mohamad Lafi, 401 S. Sherman #219, Richardson, TX 75081; (ii) for AMS: Rafeeq Jaber, Jaber Financial Services, 10661 S Roberts Rd, Ste. 200, Palos Hills, IL 60465-1988 and 9748 Meade Ave, Oak Lawn, IL 60453.
>
> Copies of the petition and accompanying notice have been placed for personal service by a process server to both entities' most recent known agents for service of process, Mohamad Lafi and Rafeeq Jaber.
>
> Copies of the petition and accompanying notice will be served through the Court's ECF system to all parties who have requested notice by complying with the Court's ECF system requirements.
>
> A notice of the petition substantially in the form attached hereto as Exhibit A will be published in the local edition of the Chicago Daily Law Bulletin on or before May 25, 2017.

Under 735 ILCS 5/2–1602(c), service must be accomplished in accord with Illinois Supreme Court Rule 106, which points to Rule 105, which allows for service (1) by any method provided by law for service of summons, either within or without this State, (2) by certified or registered mail, or (3) by publication. Ill. S.Ct. Rule 105(b). *See also Burman v. Snyder*, 10 N.E.3d 283, 288 (Ill. App. Ct. 2014).

Here, the plaintiffs certainly appear to have planned to cover their bases. But *ex parte* rulings are generally disfavored in our adversarial system and are the exception rather than the rule. *See, e.g., United States v. Boender*, 649 F.3d 650, 658 (7th Cir. 2011); *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 496 F.3d 769, 771–72 (7th Cir. 2007); *Sonnleitner v. York*, 304 F.3d 704, 715 (7th Cir. 2002). Indeed, case after case has lauded the adversarial nature of our

5

legal system and has stressed the need for advocacy on both sides of an issue as its strength. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 596 (1993); *Bank of Marin v. England*, 385 U.S. 99, 112 (1966). *Cf. United States v. Cronic,* 466 U.S. 648, 655 (1984)("'Truth' is best discovered by powerful statements on both sides of the question.'"). *See also Alioto v. Town Of Lisbon,* 651 F.3d 715, 721 (7th Cir.2011); *United States v. O'Neill,* 437 F.3d 654, 660 (7th Cir.2006). *Accord Dal Pozzo v. Basic Machinery Co., Inc.,* 463 F.3d 609, 613–614 (7th Cir.2006); *Albrechtsen v. Regents of University of Wisconsin System,* 309 F.3d 433, 436 (7th Cir.2002); *Weissman v. Weiner*, 12 F.3d 84, 86 (7th Cir. 1993); *Burdett v. Miller,* 957 F.2d 1375, 1380 (7th Cir.1992). As always, Justice Holmes said it best: "Shall I ask what a court would be, unaided? The law is made by the Bar, even more than by the Bench." The Law, in Collected Speeches, 16 (1931).

The plaintiffs have not provided support by way of case law or statutory authority for an *ex parte* order deeming, in advance, that the proposed service under the Illinois statute will be proper. An ultimate ruling ought to await a more definite and certain controversy, where the parties on whom service is anticipated can contest, if they choose, applicability and compliance with the Illinois statute on which the plaintiffs rely. The fact that a judicial officer validates in advance a method of service advocated by the plaintiffs would not, and cannot be the end of the matter should the other side come in it and demonstrate that the validation was in error. In short, nothing is to be gained by the course being advanced by the judgment holders. In reality, what is being asked for is nothing more than an advisory opinion, which are prohibited in the federal system. *DND International, Inc. v. Federal Motor Carrier Safety Admin.*, 843 F.3d 1153, 1158 (7th Cir. 2016).

Apart from its improper timing, the plaintiffs have not called our attention to any extraordinary or exceptional circumstance that would authorize an *ex parte* validation of the method

of service by the plaintiffs. There is no history of evasion of service by the defendants in this case, or of other recalcitrance in the previous proceedings. In fact, defendants waived service [Dkt. ##7, 9, 16, 18], and their attorney filed an appearance promptly thereafter. [Dkt. # 10]. Perhaps, in this instance, the contemplated service may be contested, or it may be ignored or evaded. But all this remains to be seen. It is impossible to forecast events still in the womb of time, *Dennis v. United States*, 341 U.S. 494, 551 (1951)(Frankfurter, J., concurring), and judges ought not to attempt exercises in clairvoyance.

The plaintiffs' *ex parte* motion for an order approving the manner of service they intend to employ under Illinois law [Dkt. #895] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 5/18/17